Dewey, J.
John Binford and Samuel Binford, as the executors of one Peter Binford, sued Solomon Bales and Isaac John in debt on a promise made to the testator. In the progress of the cause, the defendants craved oyer of the letters testamentary, of which profert was made in the declaration. The plaintiffs produced a copy of the will of Peter Binford, and of a codicil thereto, attached to which was the following certificate of the clerk of the Probate Court of Montgomery county under his signature and the seal of the Court, dated Nov. 8th, 1841: “ I, James W. Lynn, clerk of the Probate Court of Montgomery county, in the State of Indiana, do certify the foregoing to be a true copy of the last will and testament and codicil of Peter Binford late of said county, deceased, and that John and Samuel Binford, the executors *therein named, have duly proved the same according to law, and are authorized to take upon themselves the administration of the estate of the said testator according to the said will. Witness,” &c. Then followed another certificate under the hand and seal of the same clerk and Court, dated January 3d, 1842: “State of Indiana, Montgomery county, ss. I, James W. Lynn, clerk of the Probate Court of the said county, certify that the foregoing is a true copy of the last will and testament of Peter Bm- *446 ford, late of said county, deceased, and codicil thereto annexed, and also a true copy of the letters testamentary, granted therein by said Court, from the records thereof; and that said letters testamentary remain in full force. Witness,” &c. The defendants objected to the sufficiency of the oyer, but the Court overruled the objection. An issue of fact was formed by the pleadings. Judgment for the plaintiffs.
D. Mace, for the plaintiffs.
H. S. Lane and S. C. Willson, for the defendants.
The only question presented for decision is the validity of the oyer. The letters testamentary produced are in the form prescribed by the statute. R. S., 1838, p. 199. The objection made to the oyer is that a copy of the letters testamentary, and not the original, was exhibited by the plaintiffs. We do not think this objection is well taken. It is evident from the two certificates of the clerk that, when the letters were granted, instead of being made out and delivered to the executors, they were entered of record, and that afterwards, when they were delivered to them, they were certified to be of record. This we conceive was sufficient.
Per Curiam.—The judgment is affirmed with costs.